**UNITED STATES of America, Appellee,**

v.

**James G. NELSON, Appellant.**

**No. 75–1393.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1975.

Decided Jan. 23, 1976.

Thomas M. Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, BRIGHT and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

Appealing from convictions by a jury on two counts of distributing controlled narcotics (heroin) in violation of 21 U.S.C. § 841(a)(1), appellant James G. Nelson, a black person, raises three contentions: 1) that the trial court erred in ruling that if Nelson testified the prosecution could impeach his testimony by evidence of a prior 1965 conviction for robbery; 2) that the trial court erred in denying a mistrial after the prosecutor peremptorily struck all three black persons on the jury panel; and 3) that the trial court erred in permitting a female informer-witness for the prosecution to decline on fifth amendment grounds to answer questions on cross-examination relating to whether she used heroin or engaged in prostitution while she served as an informer. We find no prejudicial error on the record submitted in this case and we sustain the conviction.

We consider these contentions within the context of this case. The prosecution presented evidence that Nelson sold heroin to Robert F. Pfliegier, an agent of the Drug Enforcement Administration, on two separate occasions during the fall of 1973, and that Dorothy Goff, then operating as a government informant, acted as an intermediary in introducing the parties and assisting in arrangements for the sale. Nelson, testifying on his own behalf, recited a ver-

sion of events which would make him only a participant in a scheme concocted by Dorothy Goff to sell Pfliegier a harmless substance which would be represented as heroin. The jury, believing the prosecution evidence, brought in a guilty verdict on both counts.

I.

Nelson, in a motion made prior to trial, sought to suppress any evidence of two prior convictions, one in 1954 for theft from an interstate shipment, and one in 1965 for robbery of a federal credit union. The district court ruled that evidence of the 1954 conviction should be excluded, but that evidence of the 1965 conviction would be admitted for impeachment should the accused take the stand. In light of this ruling, Nelson's counsel elicited the fact of this 1965 conviction upon direct examination when Nelson took the stand in his own defense.

 This claim of error by Nelson is wholly without merit for it is well established that an accused who offers himself as a witness may be cross-examined with respect to prior felony convictions, subject to the discretion of the district court. *United States v. Carter*, 844 F.2d 528, No. 75–1273 (8th Cir., Dec. 10, 1975). We also note that the provisions of the Federal Rules of Evidence, Rule 609(b), effective July 1, 1975, subsequent to appellant's trial, permit impeachment by use of a felony conviction less than 10 years old. The felony conviction in question here falls within the 10-year limitation, thus the court's ruling was in accord with the then proposed Federal Rules of Evidence. The court refused to allow the Government to utilize the more than 20 year old theft conviction.

II.

Nelson's challenge to the all-white makeup of the jury focuses on the conduct of the prosecutor in exercising his peremptory challenges to remove the three black persons from the jury panel. In moving for mistrial before the district court, Nelson's counsel contended that the striking of all three black persons evidenced "a systematic exclusion of black persons from cases in which the criminal defendant is black * * * ."

In resisting the motion the prosecutor stated:

The Government does have reason which I do not choose to put into the record for making the strikes, and I assure the court that I do not strike people from the jury because they are black.

 The district judge denied the motion. The correctness of the ruling is not open to serious question. Although this court, consistent with the language contained in *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), holds that a federal prosecutor may not through the use of peremptory strikes, systematically and intentionally bar black persons from serving on juries in criminal trials, such discriminatory conduct is not established by a showing that the prosecutor struck all of the black persons available on any particular jury panel. *United States v. Neal*, 527 F.2d 63 (8th Cir. 1975); *United States v. Thompson*, 518 F.2d 534, 535 (8th Cir. 1975); *United States v. Delay*, 500 F.2d 1360, 1365–66 (8th Cir. 1974); *Little v. United States*, 490 F.2d 686, 687–88 (8th Cir.), *cert. denied*, 419 U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974); *United States v. Pollard*, 483 F.2d 929, 930 (8th Cir. 1973), *cert. denied*, 414 U.S. 1137, 94 S.Ct. 882, 38 L.Ed.2d 762 (1974); *Maxwell v. Stephens*, 348 F.2d 325, 331–32 (8th Cir.), *cert. denied*, 382 U.S. 944, 86 S.Ct. 387, 15 L.Ed.2d 353 (1965). *See United States v. Carter*, 528 F.2d 844, No. 75–1273 (8th Cir., Dec. 10, 1975) (rule extensively discussed).

Appellant on oral argument presses a broader claim that prosecutors in the Western District of Missouri regularly and systematically bar black persons from serving as jurors in trials of criminal cases against black defendants. Appellant asks us to take notice of statistical evidence presented in another case recently appealed to this court from the

Western District of Missouri, *United States v. Carter, supra.*

In that case, Carter, also a black person convicted on narcotics charges, objected to the prosecutor striking all five black persons on the jury panel. As evidence of an alleged systematic exclusion of black persons from juries selected in the trial of black persons in the Western District of Missouri, Carter introduced evidence that in 15 criminal cases tried during 1974 against black defendants, the prosecutors by peremptory challenge excluded 81 percent of the black persons available to serve on petit juries, and that in seven of the fifteen cases (which include two trials of Carter) the Government by peremptory challenges excluded all available black persons from service on petit juries.

Nevertheless, we held that these statistics did not prove a prima facie case of improper use of the peremptory challenges since in the majority of cases (8 of 15) the prosecution without exhausting peremptory challenges accepted juries on which one or more black persons served. In *Carter,* Judge Vogel, writing for the court, said:

> It is difficult to conclude from only 13 cases, excluding appellant's, involving only black defendants and in over half of where there were in fact one or more black jurors accepted, that the United States Attorney's office in the Western District of Missouri is systematically excluding Negroes from juries, and for reasons wholly unrelated to the outcome of the particular case on trial. [*Carter,* at 850.]

■ Since appellant Nelson presents no additional statistics, the decision in *Carter* must be deemed dispositive of the contention that the prosecutor acted improperly here and denied appellant equal protection of the laws or a right to trial by an impartial jury under the sixth amendment.[1]

We add a caveat. In *Carter,* we characterized the challenge to the prosecutor's practices in the Western District of

Missouri as raising a "serious question." *Id.* at 850. Although intervening statistics relating to jury selection between the trial of Carter's case (December 1974) and the instant case tried in March 1975, were not presented to us, we note that this case presents another instance in which the prosecutor utilized peremptory challenges to obtain an all-white jury to try a black defendant.

While we cannot say that the statistical evidence introduced in *Carter* and referred to in this case overcomes the presumption of propriety surrounding the prosecutor's action, we view with concern the allegations made here and in *Carter* against the prosecutor since those allegations do rest on statistics disclosing that prosecutors very often strike all or most black persons from serving on juries hearing criminal cases of black defendants.

■ Should the prosecutors' practices, as revealed here and in *Carter,* continue, we are sure that the district judges in the Western District of Missouri will take appropriate action. We believe trial judges in the exercise of their supervisory powers over the trial of criminal cases possess the power to require the prosecutor to discharge his duties in a fair, even, and constitutional manner, and thus ensure that no potential juror is denied the privilege of serving upon a jury solely because of his race. *See United States v. Pearson,* 448 F.2d 1207 (5th Cir. 1971).

### III.

■ Finally, appellant urges as error the contention that the trial judge acted too quickly in permitting witness and government informant Dorothy Goff to claim the privilege of the fifth amendment in declining to answer whether she used heroin or practiced prostitution during the time she served as a government informant. We do not fault the trial court in its rulings, for the answer to both questions here would likely expose the witness to possible federal or state prosecution. Although we

---

1. *See* discussion *Carter, supra,* at 848 n. 4.

**44**

find no prejudicial error, we do agree in part with appellant's assertion that the trial court, outside the jury's presence, should have conducted a further inquiry to ascertain with reasonable certainty that the informant's answers to questions made subject to a fifth amendment privilege would in fact expose the informer to possible criminal prosecution. We recognize that the testimony of an informer should be subject to a rigorous and thorough cross-examination. Here, however, the cross-examiner sought to elicit testimony which facially appears incriminating. In light of the otherwise thorough cross-examination made of the witness by the defendant's counsel, we cannot say that the trial court erred in any way prejudicial to the accused.

Accordingly, we affirm the conviction.