Lawrence D. BAKER, Appellant,

v.

Donald D. WYRICK, Appellee.

No. 76–1696.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1976.

Decided Jan. 10, 1977.

Lawrence M. Berkowitz (argued), Kansas City, Mo., on brief, for appellant.

Neil MacFarlane, Asst. Atty. Gen. (argued), and John C. Danforth (former Atty. Gen.), Jefferson City, Mo., on brief, for appellee.

Before STEPHENSON and HENLEY, Circuit Judges, and MEREDITH, Chief District Judge.*

MEREDITH, Chief District Judge.

This appeal is from an order of the United States District Court for the Western District of Missouri, dismissing appellant's petition for a writ of habeas corpus. The appellant raises three grounds for relief:

(1) the district court erred in holding that the appellant had not fully exhausted his state court remedies with respect to his claim that the prosecutor used his peremptory strikes in the selection of the jury to willfully remove all blacks from

---

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

the jury panel at appellant's trial and in all similar cases;

(2) the district court erred in denying appellant the right to a hearing in the federal court and in failing to find that the state court procedure for obtaining a hearing was unreasonable and burdensome and denied appellant due process of law, as well as a full, fair, and adequate remedy under 28 U.S.C. § 2254;

(3) the district court erred in denying appellant relief on his claim that Missouri Supreme Court Rule 24.04 is unconstitutional.

We affirm the district court.

The facts of the case are as follows: On November 30, 1971, a three-count information was filed in Jackson County, Missouri, charging appellant, a negro, with two counts of first-degree murder and one count of first-degree robbery. The trial began on May 30, 1972. At the conclusion of voir dire proceedings, appellant filed a motion to discharge the petit jury on the grounds that the state prosecutor deliberately and willfully used the peremptory challenges to strike negroes from the jury panel and that this has been done in case after case, whatever the circumstances, but particularly where the accused was a negro, and that this practice of excluding negroes from a petit jury denied the appellant equal protection of the law and was contrary to the Fourteenth Amendment to the Constitution of the United States. On the petit jury panel of forty-seven, four were negroes and they were stricken by the prosecutor. The state court denied the motion for a new trial and denied a hearing.

On June 1, 1972, appellant was convicted on all three counts and on September 15, 1972, was sentenced to life imprisonment on each murder count and to a term of imprisonment of ninety-nine years on the robbery count, the sentences to run consecutively. Appellant appealed his conviction and sentences to the Missouri Supreme Court. The Missouri Supreme Court affirmed the conviction, holding that under the broad conclusory allegations, without stating more specific facts to support his allegations, ap-

pellant was not entitled to a hearing concerning the practice of striking negroes from the jury panel systematically. The Court further held that Missouri Supreme Court Rule 24.04 is constitutional. This rule permits that a defendant be tried on more than one offense at the same trial, and is similar to Rule 8 of the Federal Rules of Criminal Procedure. The Court, however, held section 546.480, R.S.Mo. 1969, was constitutional insofar as it requires consecutive sentences to be imposed on a defendant convicted of more than one offense. The Court then remanded the cause to the state trial court for resentencing and requested that judicial discretion be exercised to determine if the sentences imposed were to be concurrent or consecutive. *State v. Baker*, 524 S.W.2d 122 (S.Ct.Mo. en banc 1975). The state trial court imposed the same sentences and had them run consecutively.

On June 7, 1976, appellant filed his petition for writ of habeas corpus in the District Court for the Western District of Missouri, and on July 6, 1976, the district court denied the writ of habeas corpus, holding that since the Supreme Court of Missouri had declared unconstitutional section 546.-480, R.S.Mo. 1969, that this, in effect was holding in appellant's favor and cured any problems relating to Rule 24.04, by remanding the case to the trial court for resentencing of the appellant. The district court further held that the question of systematic exclusion of negroes from the jury had not been properly presented to the state trial court and dismissed this claim for failure to exhaust state remedies. The district court also held that such a requirement was not burdensome on appellant and that the federal courts should not interfere with state court processes until these matters are squarely presented to the state courts with sufficient facts alleged to give the state courts an opportunity to act properly on complaints.

The record before the state trial court discloses that appellant's counsel was reluctant to verify the motion for a new trial because he was not in possession of sufficient facts to make any specific and factual

allegations. Appellant's counsel before this Court stated that he was not in possession of sufficient facts to know whether or not a hearing would be helpful concerning systematic exclusion of blacks, but insisted that such a hearing should be held before the district court rather than before the state court.

The Supreme Court of the United States, in *Swain v. Alabama* (1965), 380 U.S. 202 at pages 223–24, 85 S.Ct. 824, at page 837, 13 L.Ed.2d 759 held:

> We have decided that it is permissible to insulate from inquiry the removal of Negroes from a particular jury on the assumption that the prosecutor is acting on acceptable considerations related to the case he is trying, the particular defendant involved and the particular crime charged. But when the prosecutor in a county, in case after case, whatever the circumstances, whatever the crime and whoever the defendant or the victim may be, is responsible for the removal of Negroes who have been selected as qualified jurors by the jury commissioners and who have survived challenges for cause, with the result that no Negroes ever serve on petit juries, the Fourteenth Amendment claim takes on added significance. Cf. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220.
>
> In these circumstances, giving even the widest leeway to the operation of irrational but trial-related suspicions and antagonisms, it would appear that the purposes of the peremptory challenge are being perverted. If the State has not seen fit to leave a single Negro on any jury in a criminal case, the presumption protecting the prosecutor may well be overcome. Such proof might support a reasonable inference that Negroes are excluded from juries for reasons wholly unrelated to the outcome of the particular case on trial and that the peremptory system is being used to deny the Negro the same right and opportunity to participate in the administration of justice enjoyed by the white population. These ends the peremptory challenge is not designed to facilitate or justify.

This Court has followed *Swain* in *United States v. Carter*, 528 F.2d 844 (8th Cir. 1975), in holding that in eight out of fifteen cases where some or all blacks were removed from juries by peremptory challenges of the government such was insufficient to come within the standard set out in *Swain*. This Court in *United States v. Nelson*, 529 F.2d 40 (8th Cir. 1976), affirmed the district court after the prosecutor had stricken all three black persons from the jury panel.

The appellant in this case, if sufficient evidence can be obtained to allege and show that the State of Missouri, through its prosecutor in Jackson County, has violated the rule set out in *Swain*, may make these allegations specifically before the state trial court by way of a proceeding under Missouri Rule 27.26, which then can be reviewed by the Missouri Appellate Courts, and, in turn, come to the federal system in an orderly manner.

Accordingly, we affirm the United States District Court.