**UNITED STATES of America**

v.

**Alexander DANZEY, Defendant.**

**No. 78 CR 345.**

United States District Court,
E. D. New York.

Oct. 3, 1979.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Thomas D. Sclafani, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff.

Leon Polsky, Federal Defender Services, The Legal Aid Society, Brooklyn, N. Y. (Kenneth I. Wirfel, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendant has moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure following his conviction on two counts for bank robbery and armed bank robbery. He claims that the prosecutor's use of peremptory challenges to exclude blacks from the jury violated his right to due process under the Fifth Amendment and his right to a trial by an impartial jury of his peers under the Sixth Amendment.

Defendant and co-defendant were originally tried and convicted on two counts of bank robbery and armed bank robbery in July 1978. On appeal, the Second Circuit Court of Appeals reversed defendant's conviction and remanded for a new trial. *United States v. Danzey,* 594 F.2d 905 (2d Cir.) *cert. denied,* —— U.S. ——, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979). After a second trial in June 1979, defendant, a black person, was again convicted on both counts.

During jury selection the prosecutor had exercised three of his first five challenges against the only three blacks selected for the jury, whereupon defendant's counsel objected. When the prosecutor used his final challenge against a fourth black defense counsel renewed his objection.

Although not requested to do so, the prosecutor volunteered the following explanation for his action: "Excusing jurors in Federal Court, there is not much one can go on since the jury selection system is a very difficult one. I make it a practice to attempt to exclude as best I can all jurors so that to exclude jurors of the same ethnic background as the defendant. And I do that simply for the reason, although I need not pass any reason for my exercise of peremptories, I do that as a matter of course, no matter who the defendant is or whatever his ethnic background is." He then went on to state that he would exclude all persons of Irish descent if there were a defendant of that descent and would follow a similar practice if a defendant were of Italian descent.

The court denied defense counsel's objection. Following the exercise of the final challenges by the defense and the prosecution a black was seated on the jury.

Defendant contends that the prosecutor's exercise of peremptory challenges to eliminate blacks from the jury violated his right to due process and to an impartial jury. He acknowledges that generally a court may not inquire into the reasons for the exercise of a peremptory challenge but argues that

the prosecutor's gratuitous explanation opened the way for an examination of his conduct. Defendant asserts that the prosecutor's statement and the pattern of challenges establish the prosecutor's racially discriminatory purpose, which is constitutionally impermissible and denied defendant due process. He also argues that because the jurors were eliminated solely on racial grounds he was denied an impartial jury drawn from a representative cross-section of the community.

██ This is not a case where one group of the community has been systematically excluded from participation as jurors. *See Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). The jury panel in this case was a representative cross-section of the community in the Eastern District of New York. It was chance that enabled the prosecutor to eliminate four prospective black jurors. It is possible that there would have been no blacks selected for the jury, or too many selected for the prosecutor to challenge all successfully. As it was, one black was selected for the jury after the prosecutor had exhausted his challenges. Defendant plainly has no cause for complaint about the composition of the jury panel. Nor can it be said that the jury selected was unrepresentative.

██ The issue thus is not whether defendant was tried before a jury that was not a fair cross-section. Rather the issue is whether the prosecutor's conduct violated defendant's rights. The prosecutor's explanation indicated that he believed that members of an ethnic group are more likely to be favorably disposed toward members of their own group than other persons would be. He did not state that he believed members of any particular ethnic group were less capable of being jurors or more likely to be prejudiced against the government.

We need not decide whether such group-bias assumptions are accurate. The Supreme Court in *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) specifically allowed such assumptions to be used in exercising peremptory challenges. The Court stated that peremptory chal-

lenges are often "exercised on grounds normally thought irrelevant to legal proceedings or official action, namely, the race, religion, nationality, occupation or affiliations of people summoned for jury duty. For the question a prosecutor or defense counsel must decide is not whether a particular race or nationality is in fact partial, but whether one from a different group is less likely to be. . . . Hence veniremen are not always judged solely as individuals for the purpose of exercising peremptory challenges. Rather they are challenged in the light of the limited knowledge counsel has of them, which may include their group affiliations, in the context of the case to be tried. . . . [W]e cannot hold that the striking of Negroes in a particular case is a denial of equal protection of the laws. In the quest for an impartial and qualified jury, Negro and white, Protestant and Catholic, are alike subject to being challenged without cause." *Id.* at 220–21, 85 S.Ct. at 836 (citations omitted).

So long as the *Swain* decision remains the law, the act of peremptorily challenging blacks is not impermissible. Nor should the admission by the prosecutor of his reasons for exercising the challenges make them invalid. The *Swain* opinion did not, as defendant contends, merely bar investigation into the prosecutor's motive, but declared his motive irrelevant absent some evidence of systematic discrimination preventing blacks from serving on juries. *See United States v. Newman,* 549 F.2d 240 (2d Cir. 1977). The prosecutor's statement does not reveal any systematic intent to exclude blacks, or any other ethnic group, from serving on juries and defendant has offered no other evidence.

This court is bound to follow the holding of the *Swain* case, and to invalidate conduct there held valid, merely because the prosecutor revealed his motive, would be illogical and hypocritical. Defendant's motion for a new trial is denied. So ordered.