**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alexander DANZEY,
Defendant-Appellant.**

No. 777, Docket 79–1406.

United States Court of Appeals,
Second Circuit.

Argued Feb. 19, 1980.

Decided February 22, 1980.

On Rehearing En Banc Decided
June 13, 1980.

MANSFIELD, OAKES, NEWMAN and KEARSE, Circuit Judges, concur in denial of en banc consideration for the following reasons:

Defendant, who is Black, suggests that this appeal from a criminal conviction should be reheard *en banc* because during jury selection the Assistant United States Attorney used all of his peremptory challenges against Black veniremen and acknowledged a "practice to attempt to exclude" jurors of the same ethnic background as that of the defendant. While use of peremptory challenges based on a group bias assumption denies no cognizable legal rights "in any particular case," *Swain v. Alabama*, 380 U.S. 202, 221, 85 S.Ct. 824, 836, 13 L.Ed.2d 759 (1965), a substantial issue would arise if peremptory challenges were being used consistently to exclude Blacks from service as jurors in general or in a significant category of cases. See *United States v. Nelson*, 529 F.2d 40 (8th Cir. 1976); *United States v. Pearson*, 448 F.2d 1207 (5th Cir. 1971). But no relief is appropriate unless the offending pattern is sufficiently general and pervasive to support a clear inference of motivation or intent to discriminate against a particular racial or ethnic group. *See United States v. Newman*, 549 F.2d 240, 249–50 (2d Cir. 1977).

Defendant contends that the prosecutor's remark evidences a pattern warranting relief. However, the Government's papers disclose that in two trials of Black defendants occurring shortly before this one this same prosecutor did not use all his peremptory challenges against Black veniremen and further represent that it is not the policy of the office of the United States Attorney for the Eastern District automatically to exclude prospective jurors of the same racial or ethnic background as the defendant. This report of facts and policy stands unchallenged by any data presented by the defendant. In these circumstances, the claim of a pattern of minority group juror challenge does not merit further consideration.