UNITED STATES of America, Appellee,

v.

Merle O. GREENE, Jr., Appellant.

No. 80–1474.

United States Court of Appeals,
Eighth Circuit.

Submitted July 24, 1980.
Decided Aug. 1, 1980.

Merle O. Greene, Jr., pro se.

Ronald S. Reed, Jr., U.S. Atty., and Kenneth Josephson, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Merle O. Greene, Jr. appeals *pro se* from an order of the district court denying his petition to vacate sentence under 28 U.S.C. § 2255. Greene's petition claimed that the prosecutor, by exercising peremptory challenges against all black persons on the prospective jury panel, deprived him as a black person of due process and equal protection of the laws. The district court denied relief and Greene appeals.[1] We affirm.

The issue raised by Greene is an important one in the administration of justice. The record, consisting of affidavits presented to the district judge in the section 2255 proceeding, shows that a panel of twenty-eight veniremen were present in the courtroom as prospective jurors for the trial, five of whom were black; that sixteen were excused through peremptory challenges; and that the Assistant United States Attorney, Mr. Kenneth Josephson, as prosecutor, struck six of those prospective jurors including all five black persons. As a result, no black person served on the jury.

This record will not justify relief. Although a federal prosecutor may not, through the use of peremptory challenges, systematically and intentionally bar black persons from serving on juries in criminal trials, such discriminatory conduct cannot be established by merely showing that the prosecutor struck all of the black persons on any particular jury panel. *See Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *United States v. Nelson*, 529 F.2d 40 (8th Cir.), *cert. denied*, 426 U.S. 922, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976), and cases cited therein.

On this appeal, the record shows no more than that the prosecutor in this case struck six jurors, five of whom were black. The record does not reveal whether the prosecutor made these strikes for a permissible or an impermissible reason. The prosecutor's conduct ordinarily will be presumed proper. *United States v. Nelson, supra*, 529 F.2d at 43.

This court is well aware that on several previous occasions black defendants have attacked the conduct of the prosecutor's office in the Western District of Missouri in exercising peremptory challenges

---

1. Petitioner had been convicted of making a false declaration in violation of 18 U.S.C.A. § 1623 (West Supp.1980). We affirmed his conviction on one count, reversing the conviction on two other counts. *United States v. Greene*, 591 F.2d 471 (8th Cir. 1979).

against prospective black jurors.[2] We have characterized these attacks as raising serious questions. *United States v. Nelson, supra,* 529 F.2d at 43; *United States v. Carter,* 528 F.2d 844, 850 (8th Cir. 1975), *cert. denied,* 425 U.S. 961, 96 S.Ct. 1745, 48 L.Ed.2d 206 (1976). In *Nelson* we made the following pertinent comment:

> Should the prosecutors' practices, as revealed here and in *Carter,* continue, we are sure that the district judges in the Western District of Missouri will take appropriate action. We believe trial judges in the exercise of their supervisory powers over the trial of criminal cases possess the power to require the prosecutor to discharge his duties in a fair, even, and constitutional manner, and thus ensure that no potential juror is denied the privilege of serving upon a jury solely because of his race. [*United States v. Nelson, supra,* 529 F.2d at 43 (citation omitted).]

The comment emphasizes that an attack on the jury selection process should be addressed to the trial judge before or during the trial. The trial judge possesses adequate power to take action to correct any constitutional or other deficiency in the jury selection process. We do not here decide that section 2255 provides no avenue of relief for a convicted defendant. We observe only that this procedure is an unlikely route because of the nature of the proof required to show a constitutional violation and, as already noted, because that proof ordinarily should be brought to the attention of the trial judge who can, in a proper case, provide an adequate and timely remedy.

Because the appellant in this case failed in his proof of an alleged constitutional violation, we affirm the denial of his section 2255 petition.

---

**2.** *Morgan v. United States,* 564 F.2d 803 (8th Cir. 1977); *United States v. Aaron,* 553 F.2d 43 (8th Cir. 1977); *United States v. Nelson, supra;* *United States v. Carter,* 528 F.2d 844 (8th Cir. 1975), *cert. denied,* 425 U.S. 961, 96 S.Ct. 1745, 48 L.Ed.2d 206 (1976).