**Eddie Lee WEATHERSBY,**
**Petitioner-Appellant,**

v.

**Paul L. MORRIS, Respondent-Appellee.**

**No. 82–4070.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 1983.

Decided June 24, 1983.

Kristofer Jorstad, San Francisco, Cal., for respondent-appellee.

Baron L. Miller, San Francisco, Cal., for petitioner-appellant.

Before BROWNING, DUNIWAY and ALARCON, Circuit Judges.

---

ALARCON, Circuit Judge:

Eddie Lee Weathersby, a California state prisoner, appeals the dismissal of his petition for a writ of habeas corpus. The primary question before us is whether the prosecutor's use of peremptory challenges to exclude black persons from the petit jury for trial related considerations violated Weathersby's rights under the fourteenth and sixth amendments. We hold that the use of peremptory challenges by the prosecutor based on permissible trial related considerations did not violate Weathersby's constitutional rights. Accordingly, we affirm the district court's judgment.

Weathersby, who is black, was one of several codefendants convicted in California state court of the murder of an inmate at the Santa Rita Rehabilitation Facility. During the jury selection 134 prospective jurors were called. Nineteen were black. The trial court excused three of the black jurors for cause. The remaining sixteen were dismissed through peremptory challenges exercised by the prosecutor. Subsequently a black man was chosen to serve as an alternate juror but he did not participate in deliberations.

During the jury voir dire counsel for Weathersby repeatedly objected to the prosecutor's exclusion of black persons from the petit jury. During trial, the prosecutor volunteered his reasons for exercising his peremptory challenges against the sixteen black persons. The prosecutor stated:

Your Honor, I just want to point out this is about the fourth or fifth time that they have made a motion for mistrial on grounds of systematic exclusion of the jury and they have indicated that some 16 Blacks have been excused by the prosecution in this case. I want to point out for the record that one, possibly two of them were represented by [a defense attorney's] law firm.... Another black potential juror indicated she knew the defendant Ray Tucker's wife. Other ones I felt gave evasive answers to pretty basic questions out there, and whether it can be perceived by others, as His Honor knows, having been a great trial attorney in the past, it takes a gut reaction as to somebody you feel is giving evasive or untruthful answers to the questions posed.

Due to those circumstances in this case, and the nature of the Black Guerrilla Family, I feel also that some black jurors would be subject to some intimidation by the group which His Honor has indicated by a pre-trial ruling that the prosecution may bring up via opening statement and evidence to be introduced at trial ...

Due to all those considerations, the fact that some jurors might be subject to intimidation by the BGF, and that the BGF has parolees on the streets of Alameda County right now, and the fact that some of them are represented by [a defense attorney's] law firm and some knew defendant Ray Tucker's wife, I fail to see how they can make the allegation that I am systematically excluding blacks from this particular panel.

Weathersby appealed his conviction on the ground that the prosecutor had intentionally excluded blacks from the petit jury in violation of the sixth and fourteenth amendments and California law. The California Court of Appeal affirmed the conviction. The State Supreme Court denied Weathersby's petition for hearing and the United States Supreme Court denied a writ of certiorari.

Weathersby then sought relief through a petition for writ of habeas corpus under 28 U.S.C. § 2254. In his petition, Weathersby renewed his claims that the prosecutor's use of peremptory challenges to eliminate all black persons from his petit jury violated his equal protection and sixth amendment rights. The district court concluded that the prosecutor's exercise of his peremptory challenges did not contravene Weathersby's equal protection rights under the fourteenth amendment and that his sixth amendment rights were not violated because he was not entitled to a jury of any particular composition under the sixth amendment.

Initially, we address the narrow issue whether the prosecutor's use of peremptory

challenges to excuse all black persons from the petit jury, for trial related considerations, violated Weathersby's equal protection rights.[1]

In *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), the petitioner alleged that his equal protection rights had been violated by the prosecutor's elimination of black persons from his jury panel through the exercise of peremptory challenges. The prosecutor in *Swain* did not volunteer reasons for exercising the peremptory challenges.

In evaluating petitioner's fourteenth amendment claim in this context, the Supreme Court reviewed the nature and function of the peremptory challenge system and commented:

> The essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court's control. *State v. Thompson,* 68 Ariz. 386, 206 P.2d 1037 (1949); *Lewis v. United States,* 146 U.S. 370, 378 [13 S.Ct. 136, 139, 36 L.Ed. 1011]. While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable. *Hayes v. Missouri,* 120 U.S. 68, 70 [7 S.Ct. 350, 351, 30 L.Ed. 578]. It is often exercised upon the "sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another," *Lewis, supra* [146 U.S.] at 376 [13 S.Ct. at 138], upon a juror's "habits and associations," *Hayes v. Missouri, supra* [120 U.S.] at 70 [7 S.Ct. at 351], or upon the feeling that "the bare questioning [a juror's] indifference may sometimes provoke a resentment," *Lewis, supra* [146 U.S.] at 376 [13 S.Ct. at 138]. It is no less frequently exercised on grounds normally thought irrelevant to legal proceedings or official action, namely, the race, religion, nationality, occupation or affiliations of people summoned for jury duty . . . (Footnote omitted).

*Id.* at 220, 85 S.Ct. at 836.

In light of these considerations the Supreme Court found that it was permissible to insulate from inquiry the exclusion of black persons from a particular jury on the assumption that the prosecutor is acting on acceptable trial related considerations. Thus, the Supreme Court held that the petitioner's equal protection rights had not been infringed by the prosecutor's exclusion of blacks from the petit jury through peremptory challenges. *Id.* at 221, 85 S.Ct. at 836. In so holding, the Supreme Court added:

> In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes.

*Id.* at 222, 85 S.Ct. at 837.

The Supreme Court acknowledged however that this presumption protecting the prosecutor may be overcome. *Id.* at 223–24, 85 S.Ct. at 837–38. Where, as in *Swain,* the prosecutor does not volunteer his or her reason for exercising peremptory challenges, the heavy burden borne by a defendant to establish a prima facie case of

---

1. On appeal, apparently to circumvent the Supreme Court's holding in *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), Weathersby argues that the prosecutor's exercise of peremptory challenges violated his *due process* rights under the fourteenth amendment. This issue was not presented to the district court. We will not address an issue raised for the first time on appeal. *See Hines v. Enomoto,* 658 F.2d 667, 676–77 (9th Cir. 1981).

constitutionally impermissible use of peremptory challenges may be met by presenting a record of systematic exclusion of a particular group over a period of time in prior prosecutions. See, e.g., Swain, 320 U.S. at 227, 85 S.Ct. at 839; Hampton v. Wyrick, 606 F.2d 834, 835 (8th Cir.1979), cert. denied, 444 U.S. 1022, 100 S.Ct. 681, 62 L.Ed.2d 654 (1980); United States v. Durham, 587 F.2d 799, 801 (5th Cir.1979).

▮ Cases where the prosecutor at trial volunteers his or her reasons for using peremptory challenges to exclude from the petit jury an identifiable group, present a situation distinguishable from Swain. In such cases, the court does not conduct the type of inquiry barred by Swain. The prosecutor's motives have been voluntarily put on the record and the prosecutor can no longer be cloaked by the presumption of correctness. Our reading of Swain, convinces us that in such circumstances a court need not blind itself to the obvious and the court may review the prosecutor's motives to determine whether "the purposes of the peremptory challenge are being perverted," Swain, 380 U.S. at 224, 85 S.Ct. at 838, by excluding an identifiable group "from juries for reasons wholly unrelated to the outcome of the particular case on trial." Id.

The Eighth Circuit suggested this approach in United States v. Greene, 626 F.2d 75 (8th Cir.), cert. denied, 449 U.S. 876, 101 S.Ct. 220, 66 L.Ed.2d 98 (1980). There, the prosecutor peremptorily challenged six prospective jurors from the panel, five of whom were black. Consequently, no black persons served on the petit jury. The Eighth Circuit recognized that a prosecutor could not, through the use of peremptory challenges, systematically and intentionally bar black persons from serving on juries in criminal trials. Id. at 76. The prosecutor's use of peremptory challenges against all black persons on a particular jury panel without more could not, however, establish

discriminatory conduct. Id. The court also noted that a prosecutor's conduct will be presumed proper, unless the record reveals whether the prosecutor exercised the peremptory challenges for impermissible reasons. (Emphasis added). Id. Because the record in Greene did not reveal the prosecutor's reasons for exercising his peremptory challenges, the court presumed the prosecutor's conduct to be proper. Id.; see also United States v. Boykin, 679 F.2d 1240, 1245 (8th Cir.1982) (no facts in record from which to deduce that prosecutor exercised peremptory jury challenges against two black veniremen for an impermissible reason).

In the present case, the prosecutor voluntarily placed his reasons for exercising peremptory challenge on the record. Thus, we must determine whether the prosecutor exercised the peremptory for permissible trial related concerns.[2]

▮ Our review of the prosecutor's volunteered explanation for exercising his peremptory challenges against sixteen black persons convinces us that the challenges were proper in the context of this particular case. The prosecutor noted that three of the sixteen potential black jurors against whom he exercised his peremptory challenges had some connection with the defendants, either through a codefendant's attorney or through a codefendant's spouse. Without a doubt, this was a permissible reason for exercising peremptory challenges against those three jurors. The prosecutor also excused some jurors because he felt that they gave evasive answers to questions posed. The Supreme Court has recognized that a "prosecutor may have the strongest reasons to distrust the character of a juror offered, from his habits and associations, and yet find it difficult to formulate and sustain a legal objection to him. In such cases, the peremptory challenge is a protec-

---

**2.** We recognize that in United States v. Danzey, 476 F.Supp. 1065 (E.N.Y.1979) aff'd, 620 F.2d 286 (2d Cir.), cert. denied, 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980), the court read Swain to bar completely review of the prosecutor's motives for exercising peremptory challenges even where the prosecutor volunteered an explanation. We do not read Swain so broadly. Swain precludes a court initiated interrogation into the prosecutor's motives, not a review of the record made at trial.

tion against his being accepted." *Hayes v. Missouri,* 120 U.S. 68, 70, 7 S.Ct. 350, 351, 30 L.Ed. 528 (1887). Here, the prosecutor was able to assess the credibility and demeanor of the potential jurors. Evidently, the prosecutor had substantial reservations about those jurors who he believed gave evasive answers. Exclusion of jurors for this reason was well within the broad range of discretion for exercising peremptory challenges.

■ The prosecutor also indicated that he excused some of the potential black jurors through peremptory challenges because he believed they would be subject to intimidation by the Black Guerrilla Family. The Black Guerrilla Family is a black prisoners' gang. The prosecutor was aware that members of the Black Guerrilla Family were parolees in the geographical area where Weathersby was on trial. In a pretrial ruling the judge indicated that the prosecution could introduce evidence regarding the Black Guerrilla Family. Moreover, the prosecutor observed the jurors' demeanor and responses throughout the voir dire. Given the particular circumstances of this case, the prosecutor's concern that some of the potential black jurors would be subject to intimidation by the black prisoners' gang was a legitimate trial related consideration. Exercising peremptory challenges on this ground was permissible.

Upon review of the prosecutor's volunteered reasons for exercising his peremptory challenges against potential black jurors based on permissible trial related concerns, we do not find a violation of Weathersby's fourteenth amendment equal protection rights.

■ Weathersby's claim that the prosecutor's exercise of his peremptory challenges violated his sixth amendment right to an impartial jury comprising a fair cross-section of the community also fails. Weathersby essentially contends that the fair cross-section rule enunciated in *Taylor v. Louisiana,* 419 U.S. 522, 530, 95 S.Ct. 692, 698, 42 L.Ed.2d 690 (1975) should be extended to petit juries and that the prosecutor's

"intentional and systematic" exclusion of black persons from the jury through peremptory challenges violated his sixth amendment rights.

In *Taylor v. Louisiana* the Supreme Court expressly refused to adopt the position Weathersby urges upon us. Although the Supreme Court found that an individual's sixth amendment right to an impartial jury requires that petit juries be selected from a representative source of the community, 419 U.S. at 530–31, 95 S.Ct. at 697–98, the Court emphasized that it imposed:

> no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition, *Fay v. New York,* 332 U.S. 261, 284 [67 S.Ct. 1613, 1625, 91 L.Ed. 2043 (1947)]; *Apodaca v. Oregon,* 406 U.S. [404] at 413 [92 S.Ct. 1628 at 1634, 32 L.Ed.2d 184 (1972)] (plurality opinion); but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.

*Id.* at 538, 95 S.Ct. at 702. Accordingly, Weathersby is not entitled to a jury of any particular composition.

Having found that the prosecutor's peremptory challenges were exercised for permissible motives, we also reject Weathersby's contention that the prosecutor's use of peremptory challenges to exclude black persons from his petit jury violated his sixth amendment rights.

We do not address Weathersby's contention that the state court erroneously refused to apply retroactively *People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978), because Weathersby did not present this issue to the district court. *See Hines v. Enomoto,* 658 F.2d 667, 676–77 (9th Cir.1981).

The district court's judgment is AFFIRMED.