34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Weldon Eugene WIGGINS, II, Plaintiff-Appellant,
v.
James ROWLAND, Director, California Department of
Corrections; Daniel B. Vasquez, Warden,
Defendants-Appellees.
 No. 93-15779.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Weldon Eugene Wiggins II, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendant prison officials in this 42 U.S.C. Sec. 1983 civil rights action. Wiggins contends that he was transferred to another prison and placed in administrative segregation in retaliation for filing lawsuits. Wiggins also contends that he was unconstitutionally deprived of his legal and political documents. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. "The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial." Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988). There is no genuine issue for trial "if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion." Taylor, 880 F.2d at 1045.
 
 A. Retaliation
 
 4
 Wiggins contends that the defendants placed him in administrative segregation and transferred him from San Quentin State Prison to Pelican Bay State Prison in retaliation for his political beliefs and legal actions. In order to prove that prison officials have unconstitutionally retaliated against a prisoner for exercising his First Amendment rights, a prisoner must show not only that his actions were protected by the First Amendment, but also that the prison officials' allegedly retaliatory acts did not advance a legitimate penological goal, or were not narrowly tailored to achieve that goal. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 5
 Here, Wiggins alleges that he was transferred from San Quentin to Pelican Bay and placed in administrative segregation because of his pursuit of legal actions against prison officials and his membership in the Black Guerrilla Family (BGF). Wiggins has submitted no evidence demonstrating that his transfer and segregation were related to his legal filings. See id. His allegations do not sufficiently controvert the evidence of non-retaliatory motive submitted by the defendants in their motion for summary judgment. See Leer, 844 F.2d at 631.
 
 
 6
 Both Wiggins and the defendants have submitted evidence showing that Wiggins was placed in administrative segregation because of his membership in the BGF. Wiggins acknowledges that he is a member of this group, but contends that the BGF is a political organization and that he is therefore being segregated based solely on his political views, in violation of the First Amendment. Wiggins has submitted a handwritten copy of the BGF Constitution in support of his claim. The defendants contend that the BGF is a prison gang, and that they are justified in placing Wiggins in segregation based on his avowed and confirmed membership therein. They have submitted a declaration from the Institution Gang Investigator and an excerpt from a book identifying the BGF as a dangerous prison gang.
 
 
 7
 We accord great deference to the decisions of prison administrators regarding prison discipline and security. See Hewitt v. Helms, 459 U.S. 460, 472 (1983). "In the volatile atmosphere of a prison, an inmate easily may constitute an unacceptable threat to the safety of other prisoners and guards even if he himself has committed no misconduct; rumor, reputation, and even more imponderable factors may suffice to spark potentially disastrous incidents." Id. at 474. When prison officials confine an inmate to administrative segregation, due process requires only that prison officials hold an informal nonadversarial hearing, at which the prisoner is informed of the reasons for segregation and allowed to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 8
 We have previously identified the BGF as "a black prisoners' gang." Weathersby v. Morris, 708 F.2d 1493, 1497 (9th Cir.1983). The defendants have submitted evidence that Wiggins is a member of the BGF, and have determined that gang membership poses a threat to prison security. This determination is entitled to substantial deference. See Hewitt, 459 U.S. at 472. Furthermore, Wiggins has not demonstrated that the procedure utilized to place him in administrative segregation violated the Due Process Clause. See Toussaint, 801 F.2d at 1100. Accordingly, the district court properly granted summary judgment in favor of the defendants on this claim. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 
 9
 B. Deprivation of Personal Property and Legal Materials
 
 
 10
 Prison officials are constitutionally required to provide inmates either adequate law libraries or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). If an inmate does not claim a denial of access to adequate law libraries or legal assistance, he must show an actual injury: a "specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (citation omitted). The temporary deprivation of an inmate's legal materials does not necessarily amount to a constitutional violation. Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir.1989).
 
 
 11
 Here, Wiggins claims that his legal materials were temporarily withheld from him after he was transferred from San Quentin to Pelican Bay. Documents submitted by the defendants indicate that Wiggins eventually received all legal materials except for his copy of the original complaint in the instant case.
 
 
 12
 Wiggins has presented no evidence indicating that the temporary deprivation of his legal materials caused an actual injury to his court access. See Sands, 886 F.2d at 1171. Accordingly, this deprivation does not amount to a constitutional violation. See Vigliotto, 873 F.2d at 1202-03. Furthermore, although Wiggins has alleged that the loss of his original complaint has made his litigation more difficult, he has not shown the actual injury required to elevate this deprivation to a constitutionally significant level. See Sands, 886 F.2d at 1171. Accordingly, the district court properly granted summary judgment in favor of the defendants on this claim. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 
 13
 Wiggins also claims that the defendants deprived him of his personal property when he was transferred. The negligent or intentional deprivation of a prisoner's property by state employees does not violate the Due Process Clause as long as an adequate state post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (9th Cir.1984). California provides an adequate post-deprivation remedy. See Barnett v. Centoni, No. 93-16930, slip op. 8443, 8452 (9th Cir. July 27, 1994). In fact, Wiggins's filings in this court indicate that he has successfully appealed, and received compensation for, the loss of his television set. Accordingly, the district court properly granted summary judgment as to these claims. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wiggins' motion to extend time to file his reply brief is granted; the reply brief received on June 2, 1994, is ordered filed. To the extent that Wiggins's motion seeks injunctive relief for actions unrelated to this lawsuit, we decline to address these issues because they were not raised initially in the district court