**Robert ROSS, Appellant,**

v.

**Donald WYRICK, Warden, etc., Appellee.**

No. 76–1763.

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1977.

Decided April 21, 1977.

Thomas S. Richardson, Jr., St. Louis, Mo., for appellant.

Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John Ashcroft, Atty. Gen., on the brief.

Before BRIGHT and ROSS, Circuit Judges; and URBOM, Chief District Judge.*

PER CURIAM.

Robert Ross filed this petition for a writ of habeas corpus to set aside two convictions in the state court of Mississippi Coun-

---

* WARREN K. URBOM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

ty, Missouri, for assault with intent to kill and robbery in the first degree. The state sentencing judge imposed concurrent sentences of 25 years and 30 years, respectively. In his petition for writ of habeas corpus, Ross, a black person, contended, among other things, that the jury selection process in Mississippi County, Missouri, used in the selection of a jury for Ross' trial, violated the due process and equal protection clauses of the fourteenth amendment because black persons were purposely excluded from or under-represented on the jury panel. The federal district court denied Ross relief. For reasons stated herein, we find the record incomplete and remand for further proceedings.

At his trial in state court, Ross objected to the makeup of the jury, and in his appeal to the Missouri Court of Appeals raised as error the action of the state trial court in overruling a pretrial motion to quash the jury panel. On that appeal, the Missouri Court of Appeals sustained Ross' conviction and ruled, with respect to the challenge to the jury panel, that Ross had failed to prove a prima facie case of racial discrimination in jury selection procedures. *State v. Ross,* 530 S.W.2d 457 (Mo.App.1975).

Petitioner Ross thereafter brought this *pro se* habeas petition in federal district court. The district judge referred the matter to the magistrate for initial consideration. After considering Ross' application, the response of the Attorney General of Missouri on behalf of the respondent-warden, and the record made in the state court, the United States Magistrate recommended a denial of petitioner's application for federal habeas corpus relief. The district court adopted that recommendation and dismissed the proceedings without a hearing. On this appeal, relying on the record previously made in the state trial court, counsel argues that Ross has made out a case of purposeful discrimination in the jury selection process.

The record discloses that the 24 persons on Ross' jury panel were all whites, although the 1970 census for Mississippi County showed the nonwhite population at 21.6 percent. At the state trial, appellant had called as a witness the county's circuit clerk, who testified that the jury list had been selected from names taken from the voter registration list. *See* Mo.Rev.Stat. § 494.240. The clerk also testified that on other occasions blacks had been included in the list of prospective panel members and had been selected as members of jury panels in Mississippi County.

The circuit clerk testified that in picking the jury list the Board of Jury Commissioners "attempted" to determine who was qualified from their "knowledge of persons" on the list of registered voters. He also testified that most of those placed on the jury list were known by one or two of the commissioners, and he said that the jury list did not have any notation as to the race or religion of any person listed thereon.

At the completion of the hearing, the state trial judge overruled the motion to quash the jury panel. However, a somewhat cryptic statement appears in the record indicating that after voir dire of potential jurors, four more persons, all black, were added to the jury panel.

In seeking relief appellant relies principally on our decision in *Murrah v. Arkansas,* 532 F.2d 105 (8th Cir. 1976). In that case, after an initial remand to the district court for a hearing to determine the racial composition of the jury list selected by the jury commissioners and to determine the racial composition of persons drawn for jury duty from the jury pool, *id.* at 107 n.6, we determined from the supplemented record that Murrah, an Arkansas state prisoner, had made out a prima facie case of jury discrimination. We remanded the case for further proceedings to the end that the state might rebut the prima facie case and show that no invidious discrimination in fact had occurred in the jury selection procedure.

In this appeal, we face a similar problem to that initially faced by the panel of judges considering *Murrah, supra.* The *Murrah* court said as to the initial remand:

> In view of this panel's summary affirmance of *Sanford v. Hutto,* 394 F.Supp. 1278 (E.D.Ark.), *aff'd,* 523 F.2d

1383 (8th Cir. 1975), in which the district court found a prima facie case under somewhat similar circumstances, in St. Francis County, Arkansas, we remanded the instant cause for a further evidentiary hearing before the district court. We did so because we felt the record was deficient as to certain facts. Regardless of the percentage of blacks in the 52 who responded or of the 80 veniremen called, the primary investigation must be directed at the number of blacks included in the original list of 800 names placed in the master wheel. Whether there was any underrepresentation or exclusion of any distinct group in compiling the master jury list is the critical inquiry in investigating this charge of racial discrimination. Cf. *Swain v. Alabama, supra,* [380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759]. [*Id.* at 107–08 (footnote omitted).]

Similar to the situation in *Murrah,* we have no information as to the number of black persons or nonwhite persons in the original list from which jury panels were selected in Mississippi County, Missouri, during the time in question. Moreover, the reference in the transcript which indicates that four black persons were added to the panel needs clarification. With respect to that remark in the record, the magistrate commented as follows:

> We note that there was evidence in this case that the jury panel in Mississippi County, Missouri had not been changed in ten years prior to this trial. We note further, that there were four blacks, and the only blacks, added to this jury panel for the ROSS trial. These are potentially dangerous suggestions of possible unconstitutional jury composition. They are at least, somewhat disturbing.

We agree with this expressed concern. We also believe that under the circumstances, the district court should have taken steps to permit petitioner, with the aid of appointed counsel, to attempt to present evidence to supplement and clarify the record relating to the racial composition of the jury list, the panel, and the racial makeup of the jury which heard Ross' case.

Accordingly, we vacate the judgment and remand this case to the district court for further proceedings and further supplementation of the record as may be appropriate. *See Murrah v. Arkansas, supra; Sanford v. Hutto,* 394 F.Supp. 1278 (E.D.Ark.), *aff'd,* 523 F.2d 1383 (8th Cir. 1975). *See also Castaneda v. Partida,* —— U.S. ——, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977).

We suggest that the district court appoint counsel for Ross or permit Ross' present counsel, appointed on appeal, to continue to represent him on further proceedings in district court. Following further proceedings, the district court should enter a new judgment either granting or denying habeas relief as may be appropriate.