**STATE of Missouri,
Plaintiff-Respondent,**

v.

**David O. HAMPTON,
Defendant-Appellant.**

**No. 38346.**

Missouri Court of Appeals,
St. Louis District.

Oct. 25, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Application to Transfer Denied
Jan. 9, 1978.

Shaw, Howlett & Schwartz, Allan Good-loe, Jr., Clayton, for defendant-appellant.

Paul R. Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Julian D. Cosention, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction of two counts of robbery in the first degree and one count of carrying a concealed weapon. On sentencing under the second offender act, defendant received sentences of 25 years for each robbery and 5 years for the weapons charge, all to run concurrently. We affirm.

▋ Defendant's first point is that the trial court erred in not dismissing the jury panel after the prosecutor used all ten peremptory challenges to excuse black veniremen. The jury selected to try defendant, a black, was composed of six blacks and six whites. Aside from the obvious lack of prejudice to the defendant, the law is clear that utilization of peremptory challenges to "exclude all blacks from the petit jury in any one given case" is permissible. "The discrimination becomes unconstitutionally objectionable only if it is proved that the prosecutor in a given county has practiced that same kind of exclusion systematically in all cases." *State v. Williams,* 535 S.W.2d 128 (Mo.App.1976) [1, 2]. There is no such evidence here.

Defendant also attacks the sufficiency of the evidence to support the convictions. Mr. Dietzel and Ms. Coburn were stopped outside a restaurant in south St. Louis by two black men carrying guns. The victims were ordered up against a wall and one of the robbers took a wallet from Dietzel and the other took a purse and coat from Ms. Coburn. The robbers then fled down an alley. The victims alerted a policeman a short distance away who gave chase on foot and apprehended two men in the alley. Dietzel's wallet was found on one of the robbers, Conway, and a pistol was found in the coat pocket of defendant. Ms. Coburn's purse and coat were found in the alley. Two other eyewitnesses to the robbery could not see the robbers' faces, but identified Conway and defendant as the participants by the flashy clothing they were wearing when apprehended. The victims positively identified defendant in court as one of the robbers. Defendant and Conway were charged jointly in the information as principals in the crime.

▋ We find no merit in defendant's contention. His position that no evidence established the gun was concealed is refuted by the testimony of the police officers that it was in a pocket and could not be seen. The contention that Ms. Coburn's purse was taken before she saw the gun is not established by the testimony and it is further apparent her coat was stripped off of her while she was against a wall with a gun pointed at her. The contention that the evidence failed to establish defendant's participation in the Dietzel robbery because Conway took the wallet, is patently frivolous.

▋ We also find without merit defendant's point that the Court erred in allowing testimony concerning Conway's actions, because the two men were not "charged with acting together or with others." The short answer is that the men were charged with jointly committing the robberies, and the actions of Conway were admissible.

Defendant's last contention is that certain statements made by the prosecutor during final argument required a mistrial. Objections to the statements were sustained and all relief requested except mistrial was given. We find no abuse of discretion by the trial court. The statements were borderline objectionable and did not warrant the extreme measure of mistrial.

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.