**David O. HAMPTON, Appellant,**

v.

**Donald WYRICK, Warden, John Ashcroft, Attorney General, State of Missouri, Appellees.**

No. 79–1284.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 4, 1979.

Decided Oct. 11, 1979.

Robert O. Appleton, Jr., Braun, Newman, Stewart & Appleton, Clayton, Mo., filed brief for appellant.

John D. Ashcroft, Atty. Gen., and Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, Mo., filed brief for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

David O. Hampton appeals from the district court's[1] denial, without evidentiary hearing, of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Appellant, an inmate of the Missouri State Penitentiary, was convicted in 1976 of two counts of robbery first degree with a dangerous and deadly weapon and a third count of carrying a concealed weapon. The Missouri Court of Appeals affirmed the conviction in *State v. Hampton*, 559 S.W.2d 224 (Mo.App.1977). This ruling was followed by appellant's unsuccessful attempts to secure post-conviction relief in the courts of the State of Missouri.

Having apparently exhausted his state appeal remedies, appellant in December, 1978 filed the present petition for writ of habeas corpus in the Eastern District of Missouri, reiterating the claims previously ruled on by the Missouri Court of Appeals.[2] The case was referred to Magistrate William S. Bahn for review and recommendation, with the result that the district court adopted the magistrate's recommendation of dismissal without evidentiary hearing.

The single contention raised on this appeal is that the district court erred in dismissing the claim of racial discrimination in jury selection without an evidentiary hearing.

Appellant's jury selection claim rests on the fact that the prosecutor in Hampton's criminal trial used peremptory challenges to exclude ten blacks from the jury panel. The record shows that the jury was nevertheless composed of six blacks and six whites, and that appellant introduced no evidence beyond the dismissal of ten jurors to support his claim of discrimination in jury selection. Appellant thus failed to state a prima facie case so as to compel an evidentiary hearing under the standard of *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

In *Swain v. Alabama, supra,* the Supreme Court held that peremptory challenges, as an integral part of the jury system, are presumed to be utilized for the valid end of obtaining a fair and impartial jury. *Id.* at 221–22, 85 S.Ct. 824. Alleged discriminatory use of peremptory challenges is cognizable only where there has been systematic use of the challenge system against blacks *over a period of time. Id.* at 227, 85 S.Ct. 824. *Accord, United States v. Nelson,* 529 F.2d 40, 42 (8th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976); *United States v. Carter,* 528 F.2d 844, 848–49 (8th Cir. 1975), *cert. denied,* 425 U.S. 961, 96 S.Ct. 1745, 48 L.Ed.2d 206 (1976). Since appellant in the present case merely stated that the prosecutor excused black jurors in his particular trial and since his trial jury in fact included six black persons, his failure to make a prima facie case is clear.

Appellant also alleged that the jury selection process for the City of St. Louis is discriminatory. This claim comes closer to stating a prima facie case, insofar as the

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. The grounds for habeas relief alleged by appellant in district court are: (1) the utilization of peremptory challenges by the prosecutor systematically to strike black jurors; (2) insuf-

ficiency of the evidence to support conviction of robbery with a dangerous and deadly weapon; (3) insufficiency of the evidence to establish that the weapon was concealed; and (4) denial of a fair trial by the prosecutor's closing argument.

jury selection process has traditionally received greater judicial scrutiny than the peremptory challenge system. *Turner v. Fouche*, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970) (grand jury selection process held unconstitutional); *Swain v. Alabama, supra*, 380 U.S. at 227, 85 S.Ct. 824; *United States v. Carter, supra*, 528 F.2d at 848. However, appellant's broadside attack on the jury selection process for the entire City of St. Louis is unexhausted as to state remedies. Moreover, even if this claim were exhausted, appellant was not entitled to an evidentiary hearing on the claim since he alleged no facts or statistics to support his allegation. *Cf. Ross v. Wyrick*, 553 F.2d 51 (8th Cir. 1977); *Murrah v. Arkansas*, 532 F.2d 105 (8th Cir. 1976).

■ The record reveals no unusual circumstances which would compel an evidentiary hearing. Appellant does not suggest that he was precluded from introducing all relevant evidence regarding discriminatory jury selection in his state court trial. *Bonner v. Wyrick*, 563 F.2d 1293, 1297 (8th Cir. 1977), *cert. denied*, 439 U.S. 913, 99 S.Ct. 286, 58 L.Ed.2d 260 (1978); *Toler v. Wyrick*, 563 F.2d 372, 373 (8th Cir. 1977), *cert. denied*, 435 U.S. 907, 98 S.Ct. 1455, 55 L.Ed.2d 498 (1978). Facts presented to the district court by the state court record required no clarification. *Cf. Ross v. Wyrick, supra*, 553 F.2d at 52–53. The petition for habeas relief involved no disputed issues of fact, but only the contested inference of discrimination in the prosecutor's use of peremptory challenges. A federal court must hold an evidentiary hearing only where the facts are in dispute, and then only if the appellant did not receive a full and fair evidentiary hearing in state court. *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962). An evidentiary hearing is not required where the only question is what conclusion can properly be drawn from undisputed facts. *Toler v. Wyrick, supra*, 563 F.2d at 373.

For the foregoing reasons, the district court's dismissal of appellant's habeas petition without evidentiary hearing is affirmed.