UNITED STATES of America, Appellee,

v.

William CAPERS, Appellant.

No. 81–2272.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1982.

Decided Aug. 17, 1982.

Lawrence J. Fleming, Clayton, Mo., for appellant.

Thomas E. Dittmeier, U. S. Atty., Kevin F. O'Malley, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT and HENLEY,[*] Circuit Judges, and BARTLETT,[**] District Judge.

PER CURIAM.

■ William Capers appeals his conviction for conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. Sec. 846 and for possession of cocaine with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Capers contends that he was illegally detained and that the District Court[1] should therefore have granted his motion to suppress evidence and statements obtained from him. Also, Capers asserts that his statements should have been suppressed because he was not read his *Miranda* rights, his confession was not voluntary, and he was refused an opportunity to consult with counsel.[2]

*Facts*

Capers was arrested in Normandy, Missouri, on August 19, 1981, while in the company of Nathaniel Yancy. Yancy had been under investigation by officers of the St. Louis County Police Department because of suspected narcotics violations. On the day before the arrest the police learned that during the previous 48 hours Yancy had offered to sell cocaine to a confidential informant and that the informant had observed cocaine and related paraphernalia in a house Yancy used as a residence. The police obtained a search warrant for the house on August 19, 1981.

The officers went to the house about 2:45 p. m. on August 19, 1981, and were admitted by Yancy's former wife. She told the police that although she and Yancy were divorced he slept in a basement bedroom.

The preceding night she had gone to the basement and someone other than Yancy was sleeping in the basement bedroom. Mrs. Yancy did not know the visitor's name, but she told the police that this person was out with Yancy at that time.

At the bottom of the basement stairs was a bar area. Plainly visible on the top of the bar was a triple beam balance scale, a Cocaine Consumer's Handbook, a bottle of Mannitol and a bottle of Inositol. Mannitol and Inosital are dilutants for controlled substances. There was a white powdery substance on top of the scale and on top of the foam padding on the bar. The police also found two hand strainers with a white powdery residue on them in the bar area. On searching the adjacent basement bedroom the police found a green suitcase containing one large baggie of white powder and five smaller baggies of white powder. A loaded Star brand 9 mm. automatic pistol was also found in the bedroom. During the search the telephone rang several times; the callers requested either "Yancy" or "Yates."

Approximately 45 minutes after the search had begun the police saw a car with two occupants pull into the driveway and park. Yancy was sitting in the passenger seat, but the police did not recognize the driver of the car, later identified as Capers. When Capers and Yancy came in the door they were ordered to put their hands against the wall. The subsequent search of Capers produced one and one-half marijuana cigarettes and $2,052 in cash. Yancy was carrying a paper bag in which the police found a bottle of liquor and a bag of

---

[*] The Honorable J. Smith Henley became a Senior United States Circuit Judge on June 1, 1982.

[**] The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Edward L. Filipine, United States District Court for the Eastern District of Missouri.

2. Furthermore, Capers objects to the government's use of its peremptory challenges to exclude all black persons from the jury. Capers' only factual basis for this argument is the race

of the panel members challenged by the government. This is not sufficient to overcome the presumption that the government is using its challenges to obtain a fair and impartial jury. *Swain v. Alabama*, 380 U.S. 202, 222, 85 S.Ct. 824, 837, 13 L.Ed.2d 759 (1965); *United States v. Boyd*, 610 F.2d 521, 526 (8th Cir. 1979), *cert. denied* 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980); *United States v. Nelson*, 529 F.2d 40, 42 (8th Cir.), *cert. denied* 426 U.S. 922, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976).

rice containing a plastic baggie of white powder. Officer Murphy testified that he read Capers his *Miranda* rights, handcuffed him, and took him to a room in the basement for questioning. Capers admitted, among other things, that he used the name Yates and that he and Yancy had been making deliveries of cocaine. Capers denies being advised of his *Miranda* rights. He alleges that he requested an opportunity to talk to an attorney and that his statements were not voluntary.

*Validity of the Arrest and Search*

Capers argues that the District Court erred in not granting his motion to suppress both the money discovered during the search and his subsequent statements because he was illegally detained and searched. The United States contends that the cumulative effect of all the facts and circumstances within the personal knowledge of the officers was sufficient to provide probable cause to arrest.

Whether probable cause exists to make a warrantless arrest[3] depends upon: "whether, at the moment the arrest was made, ... the facts and circumstances within (the arresting officer's) knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense."

*United States v. Matthews*, 603 F.2d 48, 51 (8th Cir. 1979), *cert. denied* 444 U.S. 1019, 100 S.Ct. 674, 62 L.Ed.2d 650 (1980), *quoting from Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964).

The cumulative effect of all the facts and circumstances at the time of arrest determines probable cause. *United States v. Matthews, supra* at 51; *United States v. Neumann*, 585 F.2d 355 (8th Cir. 1978); *United States v. Wood*, 545 F.2d 1124 (8th Cir. 1976), *cert. denied* 429 U.S. 1098, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977).

We conclude that the cumulative effect of all the evidence in the record discloses that probable cause existed to arrest Capers when he entered the house with Yancy.

It is undisputed that the police had probable cause to arrest and search Yancy. However, the mere fact that Capers was in the company of a person who the police had probable cause to arrest would not suffice to establish probable cause to arrest Capers. *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); *see also Holloway v. Wolff*, 482 F.2d 110 (8th Cir. 1973); 1 W. LaFave, Search & Seizure Sec. 3.6(c), 658 (1978). Likewise, the presence of Capers at the scene where a search warrant was being executed, standing alone, would not establish probable cause to arrest Capers. *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979); *United v. Clay*, 640 F.2d 157, 160 (8th Cir. 1981).

Here, however, the record reveals that Mrs. Yancy had told the police that a person she did not know had spent the previous night in the basement bedroom. This unknown person was out with Yancy at the time the police arrived. Prior to the arrival of Capers and Yancy the police had seen a white powdery substance and drug paraphernalia in plain view in the bar area. A loaded automatic pistol and a suitcase containing cocaine had been found in the basement bedroom where Mrs. Yancy had stated the unknown person who was out with Yancy had spent the previous night. Also, while searching the house the police had received telephone calls for a person named Yates as well as for Yancy. Thus the information in the possession of the police strongly indicated that a person connected with the drugs, drug paraphernalia and the firearm found in the basement was out with Yancy and that this person was likely to return. These facts establish the probability of illegal conduct on the part of

---

**3.** Capers was "seized" when he came into the house with Yancy and was not thereafter free to leave. Thus it does not matter whether the police believed that an arrest had taken place. The constitutional issue is whether they had

probable cause to make the initial seizure and subsequent arrest. *Dunaway v. New York*, 442 U.S. 200, 212–213, 99 S.Ct. 2248, 2256, 2257, 60 L.Ed.2d 824 (1979).

the person out with Yancy. *Beck v. Ohio*, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964); *United States v. Taylor*, 599 F.2d 832 (8th Cir. 1979).

█ Because the police had probable cause to arrest Capers on August 19, 1981, we conclude that neither the evidence obtained in the search incident to Capers' arrest nor his subsequent statements were obtained while Capers was illegally detained. *See Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). The District Court did not err in refusing to suppress, on Fourth Amendment grounds, the evidence obtained from Capers and statements made by him.

*Admissibility of Capers' Statements*

█ Capers also alleges that his statements immediately after his arrest should have been suppressed on Fifth Amendment grounds because the statements were not voluntary, he was never read his *Miranda* rights and questioning continued after he repeatedly requested an attorney. Capers' testimony to that effect was contradicted by the testimony of law enforcement officers. The District Court concluded that Capers was read his *Miranda* rights, that he did not request the presence of counsel during questioning, and that his confession was voluntary. We have reviewed the record and conclude that the trial judge's findings are not clearly erroneous. *United States v. Doby*, 598 F.2d 1137, 1140 (8th Cir. 1979); *United States v. Walton*, 538 F.2d 1348 (8th Cir.), *cert. denied* 429 U.S. 1025, 97 S.Ct. 647, 50 L.Ed.2d 628 (1976). We therefore find no error in the admission of Capers' statements.

The judgment of the District Court is affirmed.