UNITED STATES of America, Appellee,

v.

**Roland B. NORTON, Jr., Appellant.**

**No. 85–1127.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1985.

Decided Dec. 26, 1985.

Rehearing and Rehearing En Banc Denied Jan. 29, 1986.

Jim Delworth, St. Louis, Mo., for appellant.

James Bennett Clark, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, McMILLIAN, and JOHN R. GIBSON, Circuit Judges.

McMILLIAN, Circuit Judge.

Roland B. Norton, Jr. appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict finding him guilty of eleven counts of fraudulent use of the mails in violation of 18 U.S.C. § 1341. For reversal appellant alleges that he was denied his sixth amendment rights by the government's use of peremptory challenges to exclude black prospective jurors from the jury panel and by certain of the trial court's comments and questions. In addi-

tion, appellant challenges the sufficiency of the evidence. For the reasons discussed below, we affirm.

The evidence reviewed in a light most favorable to the jury verdict reveals the following. In the summer of 1984 Famous-Barr Co., a St. Louis, Missouri, department store, contacted the United States Postal Inspection Service concerning a scheme involving the use of fraudulently obtained Famous-Barr credit cards. A subsequent investigation revealed that between May 1983 and July 1984 Famous-Barr received approximately 150 credit applications bearing certain similarities in handwriting and content. The similarities included home address, place of employment, telephone number, and credit references. Several of the applications used the first or last name of appellant or Angela Marie Clay, a woman with whom appellant shared a residence. Fifty-two of the applications listed a home address of 4904 Euclid Terrace, # 2 or 2E, St. Louis, Mo. 63108. Prior to and during the investigation appellant and Clay lived at that address. Fifty-seven of the applications listed addresses of 4552, 4554, or 4556 McMillan Avenue, St. Louis, Mo. 63108. Appellant's father, whom appellant visited regularly, owned the properties. Twenty-two of the applications listed the address of 1806 or 1806A Cochran Avenue, St. Louis, Mo. 63106. Appellant had leased an apartment at that address from March 15, 1983, until August 1983.

Famous-Barr approved twenty-nine of the applications and issued credit cards. An employee of Famous-Barr testified that the applications all had postmarks, signifying that they were received from the applicant by mail. The employee also testified that in the ordinary course of business the credit cards are produced in Ohio and sent by the mail to the applicant.

On July 26, 1984, a postal inspector, posing as a letter carrier, made a controlled delivery of mail to 4904 Euclid Terrace. Appellant, identifying himself as "Mr.

---

1. The Honorable John K. Regan, Senior United States District Judge for the Eastern District of Missouri.

Clay," accepted several letters, including two containing Famous-Barr credit cards. Approximately fifteen minutes later, postal inspectors executed a search warrant for the residence. Pursuant to the warrant, the inspectors seized the letters containing the credit cards, several blank credit applications, and a television and vacuum cleaner matching the description of items that had been purchased with other credit cards.

A fingerprint expert testified that thirty-eight fingerprints or palm prints of appellant were on twenty-six of the applications. A handwriting expert testified that it was "probable" that appellant had handprinted the applications and that handwriting and printing exemplars provided by appellant after his arrest contained features of "unnaturalness."

■ Appellant first asserts that he was denied his sixth amendment right to a trial by jury drawn from a fair cross-section of the community when the government used its peremptory challenges to strike blacks from the jury. Appellant concedes that he cannot claim an equal protection violation because he has not established systematic exclusion of blacks as required by *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Appellant further acknowledges that this court in its en banc decision of *United States v. Childress*, 715 F.2d 1313, 1318 (8th Cir.1983) (banc), *cert. denied*, 464 U.S. 1063, 104 S.Ct. 744, 79 L.Ed.2d 202 (1984), concluded "reluctantly . . . that there [was] no sixth amendment

exception to the equal protection analysis in *Swain*." [2] Appellant, however, asks this panel to reconsider *Childress* in light of *McCray v. Abrams*, 750 F.2d 1113 (2d Cir. 1984), *petition for cert. filed*, 53 U.S.L.W. 3671 (U.S. Mar. 4, 1985) (No. 84–1426), in which the Second Circuit recognized a sixth amendment exception. *See also Booker v. Jabe*, 775 F.2d 762 (6th Cir.1985) (sixth amendment exception to *Swain*). We must decline. As a panel of this court, we have no power to overrule a prior decision of this court.[3] *United States v. Lewellyn*, 723 F.2d 615, 616 (8th Cir.1983).

■ Appellant next asserts that he was denied a fair trial by certain of the trial judge's comments and questions. We have carefully reviewed the record and find no merit to this argument.

■ Last, appellant challenges the sufficiency of the evidence linking him to the scheme. This argument also has no merit. As detailed above, there was ample evidence demonstrating that appellant was the perpetrator of the scheme. In a pro se brief appellant alleges insufficient evidence of the mailing of the credit cards. Appellant erroneously asserts that the government may not rely on testimony that in the ordinary course of business the credit cards were mailed but must instead introduce the testimony of the person who deposited the credit cards in the mail. Under 18 U.S.C. § 1341 "it is enough if [a defendant] committed 'an act with knowledge that the use

---

**2.** This term the Supreme Court will reconsider *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The case of *Batson v. Kentucky*, *cert. granted*, — U.S. —, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985), is scheduled for oral argument during the 1985 term.

**3.** This court continues to be concerned about the number of appeals originating from the Eastern District of Missouri raising the issue of the government's use of peremptory challenges to strike blacks from the jury. *See United States v. Thompson*, 730 F.2d 82 (8th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 443, 83 L.Ed.2d 369 (1984); *United States v. Childress*, 715 F.2d 1313 (8th Cir.1983) (banc), *cert. denied*, 464 U.S. 1063, 104 S.Ct. 744, 79 L.Ed.2d 202 (1984); *United States v. Capers*, 685 F.2d 249 (8th Cir.1982); *White v. Bloom*, 621 F.2d 276 (8th Cir.), *cert.*

*denied*, 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980); *Hampton v. Wyrick*, 606 F.2d 834 (8th Cir.1979), *cert. denied*, 444 U.S. 1022, 100 S.Ct. 681, 62 L.Ed.2d 654 (1980); *Ross v. Wyrick*, 581 F.2d 172 (8th Cir.1978); *United States v. Neal*, 527 F.2d 63 (8th Cir.1975), *cert. denied*, 429 U.S. 845, 97 S.Ct. 125, 50 L.Ed.2d 116 (1976); *United States v. Conley*, 503 F.2d 520 (8th Cir.1974); *United States v. Delay*, 500 F.2d 1360 (8th Cir.1974); *United States v. Pollard*, 483 F.2d 929 (8th Cir.1973), *cert. denied*, 414 U.S. 1137, 94 S.Ct. 882, 38 L.Ed.2d 762 (1974); *United States v. Jones*, 452 F.2d 884 (8th Cir.1971).

This court will continue to be watchful of the apparent practice of exclusion of blacks from juries in trials in the Eastern District of Missouri.

of the mails would follow in the ordinary course of business, or where such use could reasonably be foreseen....' " *United States v. Massa*, 740 F.2d 629, 646 (8th Cir.1984) (citation omitted), *cert. denied*, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985).

Accordingly, the judgment of the district court is affirmed.