**UNITED STATES of America, Appellee,**

v.

**Jimmie L. WILSON, Appellant.**

No. 85–1546.

United States Court of Appeals,
Eighth Circuit.

March 31, 1987.

Rehearing Denied May 12, 1987.

Darrell Brown, Little Rock, Ark., for appellant.

Sandra Cherry, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and GUNN,* District Judge.

PER CURIAM.

We filed an opinion affirming the conviction in this case, and rejecting all contentions made by the appellant, on November 25, 1986. 806 F.2d 171. Thereafter, appellant filed a petition for rehearing with suggestions for rehearing en banc. Before the petition was ruled on, the Supreme Court of the United States handed down its opinion in *Griffith v. Kentucky*, —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), holding that the rule of *Batson v. Kentucky*, —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), would apply to cases in which convictions had not yet become final on direct appeal on April 30, 1986, when *Batson* was handed down. The present case falls in that category.

In our previous opinion we held that *Batson* did not apply to the government's peremptory challenges in this case. Obviously that holding cannot stand in light of *Griffith*. Our order affirming the conviction in this case must be vacated, and the cause remanded to the District Court with directions to hold a hearing, in accordance with the Supreme Court's *Griffith* and *Batson* opinions, on the question of the government's motivation for exercising peremptory challenges to remove black veniremen from the jury that tried Wilson. If the District Court finds that the government's motivation for its peremptory challenges was constitutionally improper, it shall grant Wilson a new trial. If, on the

---

* The Hon. George F. Gunn, United States District Judge for the Eastern District of Missouri, sitting by designation.

other hand, it finds that the government's motivation was not constitutionally improper, it shall reinstate the conviction, and appellant will be at liberty to file a fresh notice of appeal to seek review of the District Court's adverse finding.

In all other respects, the previous panel opinion remains unchanged.

The petition for rehearing, directed to the panel, is granted, and our previous opinion and judgment are modified to the extent indicated herein. A separate order is being entered today denying rehearing en banc.

We direct that our mandate issue forthwith.

It is so ordered.