UNITED STATES of America, Appellee,

v.

Ricky DAVIS, Appellant.

No. 86–1103.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 22, 1987.

Decided April 21, 1987.

Rehearing En Banc Denied
as Moot May 14, 1987.

James C. Delworth, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

David M. Rosen, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Ricky Davis appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict finding him guilty of possession of a firearm by a felon in violation of 18 U.S.C.App. § 1202(a)(1). For reversal, Davis raised several issues, including the claim that the government used a disproportionate number of its peremptory challenges during voir dire to strike prospective black jurors, in violation of his sixth amendment right to an impartial jury.

Following Davis's trial and while his appeal was pending before this court, the United States Supreme Court decided the case of *Batson v. Kentucky,* —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (*Batson*). *Batson* substantially redefined the evidentiary burden placed on criminal defendants claiming an equal protection violation due to the prosecution's use of peremptory challenges. Under *Batson,* a defendant "may establish a prima facie case of purposeful discrimination in the selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial." *Id.* 106 S.Ct. at 1722–23. The Supreme Court expressed no view on the merits of any sixth amendment arguments in *Batson, id.* at 1716 n. 4, yet Davis asks this court to apply the equal protection analysis of that case in this appeal, despite his reliance on a sixth amendment argument.

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern Dis-   trict of Missouri.

Following *Batson,* it remained to be determined whether the new standard announced in that case was to be given retroactive effect in cases pending on direct appeal. We originally issued a decision in this appeal holding that *Batson* would not be retroactively applied and, finding no other reversible error, we affirmed the judgment. Our opinion was filed December 18, 1986. Shortly thereafter, on January 13, 1987, the Supreme Court held that the rule announced in *Batson* is to be retroactively applied to all cases not yet final at the time *Batson* was decided on April 30, 1986. *Griffith v. Kentucky,* — U.S. —, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (*Griffith*). This category of cases includes Davis's appeal.

Because this case was not yet final on April 30, 1986, and is thus subject to the holding of *Griffith,* we granted Davis's motion for a rehearing and we withdrew the opinion previously filed in this appeal. *United States v. Davis,* No. 86-1103 (8th Cir. Jan. 22, 1987) (order). We now order the judgment entered by the district court vacated and we remand the cause to the district court for further findings on the *Batson* issue only.

On remand, the district court must determine whether a prima facie case of purposeful discrimination has been established by the prosecutor's use of peremptory challenges during voir dire to strike prospective black jurors. If so found, the district court must require the prosecutor to provide a "neutral explanation" for the peremptory strikes. The defendant must then be given the chance to rebut the proffered explanation as a pretext.

If the established court concludes that a *Batson* violation has been established, Davis is entitled to a new trial.[2] If the district court determines that no *Batson* violation has been proved, the district court should enter a new judgment.

Accordingly, the judgment of the district court is vacated and the cause remanded for further proceedings consistent with this opinion.

BRIGHT, Senior Circuit Judge, concurring.

I concur in the remand.

This separate concurrence is prompted by the language of the majority's directions to the district court on remand. As I explained more fully in my separate concurrence to *United States v. George Wilson,* 816 F.2d 421, 423 (8th Cir.1987), I believe this language contains an internal inconsistency. In my view the remand in this case might read as follows:

> If the District Court finds that the government's motivation for its peremptory challenges was constitutionally improper, it shall grant [Ricky Davis] a new trial. If, on the other hand, it finds that the government's motivation was not constitutionally improper, it shall reinstate the conviction, and appellant will be at liberty to file a fresh notice of appeal to seek review of the District Court's adverse finding.[1]

I here adopt the views I expressed in my separate opinion in *United States v. George Wilson.*

---

2. Such a determination by the district court is an interlocutory order and is not appealable until final judgment has again been entered.

1. This precise language comes from *United States v. Jimmie L. Wilson,* 815 F.2d 52 (8th Cir.1987).