**UNITED STATES of America, Appellee,**

v.

**Ricky DAVIS, Appellant.**

**No. 88–1061.**

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1988.

Decided March 22, 1989.

James C. Delworth, St. Louis, Mo., for appellant.

David M. Rosen, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, ROSS, Senior Circuit Judge, and WOLLE,* District Judge.

ROSS, Senior Circuit Judge.

Ricky Davis was convicted by a jury of possession of a firearm by a felon (18 U.S. C.App. § 1202(a)(1)) and was sentenced to fifteen years imprisonment without parole. Davis now appeals that conviction arguing that the district court erred in finding that the government's use of peremptory challenges to exclude black venire members from the jury panel did not violate the dictates of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

On April 30, 1986, following Davis' trial and while his appeal was pending before this court, the Supreme Court rendered its landmark decision in *Batson v. Kentucky*, *supra*, which "substantially redefined the evidentiary burden placed on criminal defendants claiming an equal protection violation due to the prosecution's use of peremptory challenges." *United States v. Davis*, 816 F.2d 433 (8th Cir.1987) Thereafter, on January 13, 1987, the Supreme Court further ruled that *Batson* was to be retroac-

---

* The HONORABLE CHARLES R. WOLLE, United States District Judge for the Southern District of Iowa, sitting by designation.

tively applied to all cases not yet final at the time *Batson* was decided. *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). Because Davis' appeal fit within this category of cases, the Eighth Circuit vacated Davis' conviction and remanded the case to the district court for further proceedings under *Batson. See United States v. Davis, supra,* 816 F.2d at 434. On remand, the district court held a *Batson* hearing and determined that the prosecutor's explanation for his strikes was based on racially neutral factors and was not a pretext for discrimination. Accordingly, the court concluded that no *Batson* violation occurred in the selection of the petit jury and reinstated the judgment of conviction against Davis. Davis now appeals that decision.

■ *Batson* provides that before the government can be required to give reasons for its peremptory strikes, the defendant has the initial burden of showing a prima facie case of purposeful discrimination. *Batson v. Kentucky, supra,* 476 U.S. at 96–97, 106 S.Ct. at 1722–23. In determining whether the defendant has established the prima facie showing, the trial court should consider all relevant circumstances including, but not limited to, a pattern of strikes against black jurors, as well as the prosecutor's questions and statements during voir dire. *Id.* Once a defendant has made the prima facie showing, the burden shifts to the government to articulate clear and reasonably specific and neutral explanations for the peremptory challenges. If the prosecution successfully produces evidence that neutral criteria were used in the jury selection process, the defendant is then given an opportunity to rebut the prosecution's proffered explanation as pretext. *United States v. Davis, supra,* 816 F.2d at 434.

In this appeal, Davis, who is black, maintains that the government violated the dictates of *Batson* when it used three of its six peremptory challenges to strike three of the four black venire members from the jury panel. Davis argues that he has established a prima facie case of purposeful discrimination based solely on the percentage of strikes used against black jurors. The district court refrained from deciding this issue and instead directed the prosecutor to set forth an explanation for the exercise of the peremptory challenges in order to establish a record for review on appeal. We also will assume without deciding that Davis has established a prima facie showing of purposeful discrimination sufficient to shift the burden to the government to provide a racially neutral explanation for its peremptory strikes.

■ During the *Batson* hearing the prosecutor testified that he considered four characteristics of the venire members in exercising his peremptory challenges: marital status and age, type of job, failure to answer questions during voir dire, and residence of venire members. The prosecutor stated that he considered whether a person was unwed and over the age of thirty because it was his belief that such person may have a problem making a commitment and therefore may have trouble reaching a verdict in a criminal trial. Next, the prosecutor considered whether the venire member's job required a degree of independent thinking. The prosecutor stated that a juror who could think independently would be better able to follow the case and less likely to be confused by any defense tactics. The prosecutor also considered whether venire members failed to answer any questions during voir dire. The prosecutor testified that he was concerned that venire members who failed to answer questions were not listening or were uninterested in the case. Finally, the prosecutor testified that he considered whether venire members may have lived in Davis' neighborhood. He stated that because Davis' record showed that he had a propensity towards violence and criminal activity he was concerned whether any of the prospective jurors could possibly be within Davis' sphere of influence.

In exercising his peremptory strikes, the prosecutor considered the above four factors together and struck those persons who fit within most of the categories. Two of the black venire persons struck fell within all four of the categories considered by the prosecutor and one black venire member fell into three of the categories. None of the jurors who remained on the panel fell within as many categories. The black

man who ultimately served on the jury fell into only one of the categories.

In rebuttal, defense counsel stated that he did not believe that there was a correlation between being over thirty and unwed and the ability to make commitments. He argued that this characteristic represents an unjustified group bias. With respect to the strikes against those persons whose jobs did not require independent thinking, the defense counsel argued that one of the venire persons struck was employed in a position of responsibility as a cleaning supervisor. Defense counsel also argued that, given the questions asked during voir dire, he did not think it was unusual for venire persons to not answer any questions at all. Finally, defense counsel argued, with regard to the residence of venire members, that the only information elicited regarding residence was a general listing of the city in which each individual lived with no indication of the actual proximity of the venire member's residence with that of Davis'.

The district court judge stated that although he did not agree with many of the prosecutor's assumptions regarding the various factors used by the prosecutor, he realized that attorneys often rely upon their intuition and subjective opinions when exercising peremptory challenges. The district court concluded that, in light of the government's explanation, Davis had failed to establish purposeful discrimination.

Because a district court's finding of purposeful discrimination with regard to the use of peremptory strikes involves credibility evaluations, a reviewing court should ordinarily give those findings great deference. *Batson v. Kentucky, supra,* 476 U.S. at 98 n. 21, 106 S.Ct. at 1724; *United States v. Love,* 815 F.2d 53, 55 (8th Cir. 1987). We cannot say on the record before us that the district court's finding that the government sufficiently articulated racially neutral reasons for its exercise of peremptory challenges is clearly erroneous. *See United States v. Battle,* 859 F.2d 56, 58 (8th Cir.1987). We cannot say on the record before us that the district court's finding that the government sufficiently articulated racially neutral reasons for its exercise of peremptory challenges is clear-ly erroneous. *See United States v. Battle,* 859 F.2d 56, 58 (8th Cir.1988). Therefore, we affirm the district court's finding that there was no *Batson* violation.